## BRADLEY *v.* RHINES' ADMINISTRATORS.

1. In a suit brought by the assignee of a chose in action in the Federal court on the contract so assigned, it is necessary that plaintiff shall show affirmatively that such action could have been sustained if brought by the original obligee.
2. The burden of proof in such case is on the plaintiff, when the instrument and its assignment are offered under the plea of the general issue.

ERROR to the Circuit Court for the Western District of Pennsylvania; the case being this:

Section eleven of the Judiciary Act of 1789, which defines the jurisdiction of the Circuit Courts as regards citizenship, after declaring that no person shall be sued in any other district than that of which he is an inhabitant, or in which he shall be found at the service of the writ, adds:

"Nor shall any District or Circuit Court have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange."

With this provision in force Bradley sued the administrators of one Rhines in the court below, describing himself in the declaration as a citizen of Kentucky, and alleging the defendants, whom he described as administrators, to be citizens of Pennsylvania. He declared, in a special count on a contract of lease, and in two common counts for money had and received by defendants' intestate to plaintiff's use, and for money laid out and expended at his request. The

lease, which was set out in the declaration, was made by Breeden & Co., described as of Elk County, Pennsylvania, as lessors, and Andrew Hines and Hiram Carmen, lessees, and it was alleged that Breeden & Co. had assigned the lease to the plaintiff.

A trial was had before a jury on the plea of the general issue, in which the plaintiff offered in evidence the lease, its execution and assignment being admitted by defendants. The court refused to admit the lease in evidence, and the plaintiff took a bill of exceptions to the ruling. As the lease was the foundation, so to speak, of the plaintiff's action, the plaintiff, after its rejection by the court, offered no further evidence, and verdict and judgment went for the defendant. The ruling of the court just mentioned was the error assigned.

*Mr. Lucas, for the plaintiff in error :*

1. Neither in point of fact nor law was this lease a *chose*-in action. A lease and the term created by it, so far as the tenants are concerned, constitute a *chattel real*, and so far as the landlord is concerned, they are but a part of his original estate in the premises leased. Had a sum of money been due from the tenants to Breeden & Co. as rent, and had Breeden & Co. continued to be the owners of the lands leased, and simply assigned to the plaintiff the lease as the evidence of the debt due by the tenants for such rent in arrears, it would, under those circumstances, have been a case of an assignment of a *chose* in action merely.

But here Breeden & Co. were, at the time of the making of the lease, the owners of the land in fee. During the continuance of the lease, and before the expiration of the term, Breeden & Co. sold and conveyed the whole of the leased premises to Bradley, the present plaintiff, in fee. This conveyance carried with it the lease, with all its benefits, without any formal assignment of the lease.*

Wherever the right passes by operation of law, the case

---

* Johnston *v.* Smith, 3 Pennsylvania, 496 ; Bank of Pennsylvania *v.* Wise, 3 Watts, 394.

does not fall within the exception contained in the 11th section of the Judiciary Act.*

2. It does not appear that Breeden & Co. were citizens of Pennsylvania *when the suit was brought.* The presumption is the other way; and the jurisdiction, thus presumably existing, can be defeated only by positive proof that the presumption is a false one in fact.

3. The objection to jurisdiction upon the ground of citizenship, in actions at law, can only be made by a plea in abatement, as is decided by this court in *De Sobry* v. *Nicholson.*† It came, therefore, too late.

*Mr. Wills, contra* (citing on his first point various statutes of Pennsylvania), contended that the ruling was correct, because

1. That Hiram Carmen, the partner and survivor of the defendant's intestate, could alone be sued by the law of the State named.

2. That the plaintiff suing as assignee of Breeden & Co., who are citizens of Pennsylvania, the Circuit Court for that district could have no jurisdiction of the action under the 11th section of the Judiciary Act of 1789.

Mr. Justice MILLER delivered the opinion of the court.

The first proposition made by the counsel for the defendant in error, and by which the ruling of the court is maintained, depends for its soundness on the construction to be given to certain statutes of Pennsylvania, and will not be examined by us if the ruling of the court is well founded as to the second proposition.

There can be no doubt that the lease sued on here is a chose in action, and the assignors are described in the instrument as residing in the same State with defendants.

Two propositions are relied on as taking this case out of the prohibition of the statute:

* Sere *v.* Pitot, 6 Cranch, 336; Mayer *v.* Foulkrod, 4 Washington's Circuit Court, 349.

† 3 Wallace, 420, and the cases therein cited.

1. That the plaintiff having purchased the lands which were the subject of the lease, became entitled thereby to the benefit of the lease, and the assignment was not necessary to enable him to maintain the action.

If he had shown, or offered to show that he had become the owner of the land, the court would probably have permitted him to do so. But as he only offered the lease and the assignment, the court could not admit them on the ground of a purchase of which there was no evidence.

2. Then it is argued that although Breeden & Co. might have been, as the lease shows, citizens of Pennsylvania when the lease was made, this may not have been so when suit was brought; and that, as the plaintiff was a citizen of Kentucky, and the defendants, of Pennsylvania, this makes a *primâ facie* case of jurisdiction in the court, which can only be defeated by evidence that the assignors were citizens of the same State with defendants when the suit was brought.

This court has decided the proposition otherwise. In *Turner* v. *Bank of North America*,* the plaintiff recovered judgment in the Circuit Court as assignee of Biddle & Co. The only error assigned was, that it did not appear in the record that Biddle & Co. were citizens of a State other than North Carolina, in which district the defendant resided, and where he was sued; and for this cause, the judgment was reversed. The soundness of this decision is recognized in the cases of *Mollan* v. *Torrance*,† and *Bank of United States* v. *Moss*,‡ and we take the doctrine to be settled, that when a party claims in the Federal courts through an assignment of a chose in action, he must show affirmatively that the action might have been sustained by the assignor if no assignment had been made.

The case of *De Sobry* v. *Nicholson*, relied on by plaintiff's counsel, is not in point. There plaintiff had become possessed of all his partner's interest in the contract sued on without assignment, and none was relied on. The partner not being

---

\* 4 Dallas, 8.        † 9 Wheaton, 537.        ‡ 6 Howard, 31.

a necessary party, his citizenship in the same State with defendant did not defeat the jurisdiction.

JUDGMENT AFFIRMED.