## MOYES v. STIRLING CO.

### (Circuit Court, E. D. Pennsylvania. December 19, 1895.)

### No. 19.

JURISDICTION OF FEDERAL COURTS—REMOVAL OF CAUSES.

A bill in equity, filed in a state court, alleged that defendant had asserted to persons intending to purchase boilers from complainant that such boilers were an infringement of defendant's patent, and that defendant had threatened legal proceedings against such intending purchasers. It further alleged that such statements were false; that defendant would not bring suit for infringement, "in order that said statements might be answered and refuted in a court of justice"; and prayed that he might be enjoined from making such assertions in the future, and ask damages by reason of such assertions in the past. *Held,* that the substantial controversy was as to the infringement of the patent, and that the federal court had jurisdiction, and the cause was a removable one.

This was a bill in equity by Laurie M. Moyes against the Stirling Company for injunction and damages. The bill was filed in the state court of Pennsylvania, and was removed by defendant to this court. Complainant moves to remand the cause.

Paul, Biddle & Ward, for complainant.

Charles Heebner and Banning & Banning, for defendant.

DALLAS, Circuit Judge. This is a suit in equity, which was originally brought in a Pennsylvania court. It has been removed to this court by the defendants, and the plaintiff now moves for an order remanding it to the state court. There is nothing from which the nature of the suit can be ascertained except the complainant's bill. It alleges that the defendants (one of whom is a corporation, and the other its agent) have asserted to persons intending to purchase the complainant's boilers, that they are an infringement of the patented boilers of the defendant company, and that they have threatened such persons with legal proceedings. Its prayers are that the making of such assertions in the future may be restrained, and that damages by reason of their having been heretofore made may be awarded. Is the case thus presented one which cannot be determined without necessarily, and mainly, and not incidentally merely, deciding a question arising under the patent laws of the United States? In my opinion, this inquiry must be affirmatively answered. The plaintiff avers by his bill that the statements to which he objects are false, and he complains that the defendant company will not bring suit for infringement, "in order that said statements might be answered and refuted in a court of justice." This obviously means that, because the defendant company declines to sue upon the patent, the plaintiff himself has been obliged to bring this suit to obtain an adjudication of their respective rights; but it is evident that the essential question is precisely the same as it would have been if the defendant company had been the actor. The substantial controversy, notwithstanding the reversal of the position of the parties on the record, is as to the infringement of a

patent, and therefore the jurisdiction thereof is vested in the courts of the United States, to the exclusion of those of the several states. The motion to remand is denied.