KURTZ et al. v. STRAUS et al.

(Circuit Court of Appeals, Third Circuit. February 25, 1901.)

No. 12.

FEDERAL COURTS—JURISDICTION—CASE ARISING UNDER PATENT LAWS.

A complaint for specific performance of an oral agreement to advance money for manufacturing a patented article for a half interest in the profits, to set aside as fraudulent an assignment of an interest in a patent, and, as incidental and supplemental to the main relief, praying that defendant be enjoined from using the assignment, or claiming any interest in the patent, or interfering with complainants' absolute ownership thereof, no infringement or apprehended infringement being alleged, does not state a case arising under the patent law, so as to give federal courts jurisdiction, but one arising under contract.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Carrie B. Kilgore, for appellants.
J. Seigmund Levin and Joshua Matlack, Jr., for appellees.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

GRAY, Circuit Judge. This case arose upon a demurrer to a bill of complaint filed by the appellants in the circuit court of the United States for the Eastern district of Pennsylvania. All the parties to the suit, plaintiffs and defendants, were alleged to be, and were, citizens of the state of Pennsylvania, and the jurisdiction of the court depended, therefore, upon the subject-matter of the suit. The question of jurisdiction was raised by the demurrer. The court below sustained the demurrer, and dismissed the bill for want of jurisdiction. 100 Fed. 800. It was contended by the complainants below, the appellants here, that the case was one arising under the patent laws of the United States, and therefore cognizable by the federal courts. The complainants state in their bill that they had invented a new and useful invention and improvement in automatic brakes and safety fenders for application to trolley cars, and that letters patent of the United States were thereupon duly issued to them, granting the exclusive right to make, use, and vend the said invention throughout the United States, etc. The material allegations of the bill relate to an oral agreement entered into between the parties, in accordance

with which the respondents, in consideration of a one-half interest in the net profits of the business, were to pay the charges upon one automatic brake and safety fender already constructed, and also the money required to repair it; also to furnish all moneys required for its trial, and to advertise the same, and, if the trial were a success, then to furnish sufficient money to start the business of manufacturing and vending said invention, and to manufacture 50 such brakes and safety fenders under the said patent of complainants, and to secure trial of the same in different states, and on different trolley lines. It is further alleged that after this oral agreement respondents brought to complainants a paper purporting to be a memorandum of this verbal agreement, and that the same was executed by complainants with the understanding that it embodied only what had been agreed to, and gave to the respondents only a half interest in the net profits of the business, for the consideration already mentioned. It is then alleged that the respondents entirely failed to carry out the said verbal contract, and subsequently produced to the complainants' attorney a paper purporting to be a copy of an assignment by the complainants of one undivided half interest in said letters patent No. 551,210 to the said defendants, witnessed, and bearing date April 3, 1899. This paper the complainants aver is a fraudulent paper, but that, nevertheless, the defendants caused it to be recorded in the patent office of the United States at Washington. The prayers of the bill are for a decree for specific performance of the said oral contract, and also for a decree that said assignment be delivered up to the said complainants for cancellation. To these prayers is added one that the defendants, and all persons claiming under them, or either of them, may be enjoined specially, and upon final hearing perpetually, from making any use of the alleged deed of assignment, or claiming any title to or interest in said letters patent, and from in any way vending or interfering with the complainants' absolute owership of said letters patent. This prayer for injunction, however, is incidental to the main relief, and supplements the same. No infringement of the rights secured by letters patent to the complainant is alleged, and no injunction against apprehended infringement is asked for. No right or title under the patent laws is set up as a ground of recovery against the respondents.

Cases are not infrequent where, upon the facts, it is somewhat difficult to draw the jurisdictional line that distinguishes between suits arising under the patent laws and those arising under a contract, of which, however, a patent right is the subject-matter; and this court has had occasion in the recent case of Atherton Mach. Co. v. Atwood-Morrison Co., 102 Fed. 949, 43 C. C. A. 72, to examine the decisions of the supreme court of the United States touching this question, and consider the conclusions to be drawn therefrom. The case in hand, however, presents no difficulty, such as elicited judicial discussion in the cases referred to. It is perfectly apparent that the case is one which arises entirely under the contract as set out in the bill, and for the tort involved in the alleged fraudulent or forged assignment, and not in anywise under the patent laws or other laws of the United States. The citizenship of the parties not being diverse, there was no jurisdiction in the circuit court to hear and de-

termine the case. It follows that the learned judge of the court below was right in sustaining the demurrer and dismissing the bill for want of jurisdiction. The judgment of the court below is affirmed.