AMERICAN GRAPHOPHONE CO. v. PICKARD.

(District Court, W. D. New York. October 3, 1912. On Rehearing, December 23, 1912.)

On Rehearing.

1. COURTS (§ 290*)—JURISDICTION OF FEDERAL COURTS—SUITS ARISING UNDER PATENT LAWS.

A suit which raises a question of infringement is one arising under the patent law, of which a federal District Court has exclusive jurisdiction under Judicial Code, § 256, subd. 5 (Act March 3, 1911, c. 231, 36 Stat. 1160 [U. S. Comp. St. Supp. 1911, p. 234]), although the construction of a contract is also involved.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 832; Dec. Dig. § 290.*

Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. PATENTS (§ 294*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—COMITY.

An assignee for the benefit of creditors has no greater right than his assignor with respect to the sale of patented articles which were purchased by the assignor under a license containing price restrictions, and a federal District Court, in a suit for infringement against the assignee, has power to enjoin a sale by him in violation of such restrictions, even though authorized or directed by a state court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 473; Dec. Dig. § 294.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the American Graphophone Company against C. A. Pickard, as assignee of the Hill Piano Company. On motion for preliminary injunction. Motion granted.

Elisha K. Camp, of New York City, for complainant.
Wilson C. Price and James L. Weeks, both of Jamestown, N. Y., for defendant.

HAZEL, District Judge. The injunction in this case is denied on the ground that to grant it would in effect stay the general assignment proceedings pending in the state court. The affidavit of the defendant shows that he is the general assignee for the benefit of creditors of the Hill Piano Company, and that, in accordance with an order of the County Court of Chautauqua county, he, as such assignee, advertised the property in question for sale, a copy for the order of which sale is attached to the opposing papers.

In this situation, in view of the nature of the contract of sale which is the subject of this litigation, the writ of injunction should not be granted by this court. By section 720 of the Revised Statutes (U. S. Comp. St. 1901, p. 581) the issuance of an injunction is prohibited where its effect is to stay proceedings in any state court except in cases relating to bankruptcy proceedings. Aside from this, the rule of comity requires that one court shall not interfere by injunction with the pending proceedings of another court of concurrent jurisdiction, and hence I think the plaintiff corporation must be relegated by a motion to intervene, or other process, to the Chautauqua County Court for any injunctive relief to which it may deem itself entitled.

The injunction heretofore granted is. vacated.

## On Rehearing.

Elisha K. Camp, of New York City, for complainant.
Weeks & Ross, of Jamestown, N. Y., for defendant.

HAZEL, District Judge. [1] The denial at the hearing of a preliminary injunction to the complainant proceeded on what I now think was an erroneous assumption that the suit was based solely on contract and was not strictly an action arising under the patent laws. If this assumption were correct, the earlier decision would doubtless have been necessary under section 720 of the Revised Statutes, which forbids federal courts to stay proceedings of a state court of concurrent jurisdiction. But a closer examination of the bill shows that the gravamen is the indirect infringement, of complainant's patents by the breach of the conditions upon which the patented articles were to be sold. The question then arises as to whether the threatened violation by the defendant of the contract containing restrictions as to the selling price constitutes contributory infringement.

The Supreme Court of the United States, in Henry v. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, has set this precise question at rest. There it was expressly held that an action which raises a question of infringement is an action arising under the patent law

and may be instituted in the District Court, even though the construction relating to the contract is also involved. Nor is it sufficient to bar an action in the District Court that in general the rule of comity requires that this court should not enjoin the sale of property in the possession of the state court. In the present case effect must be given to the nature of the action and the relief sought, a relief which the federal courts alone can grant. Hupfeld v. Automaton Piano Co. (C. C.) 66 Fed. 788.

[2] It appears herein not only that the patented articles were bought from complainant by the Hill Piano Company subject to terms and conditions relating to the selling price, but also that notice thereof, together with notice that the articles were covered by complainant's patents, was brought home to the defendant assignee before this action was instituted. Under such circumstances the defendant assignee could not by the assignment to himself for the benefit of creditors secure any greater right to sell the patented articles than had his assignor, i. e., a license subject to price restrictions. Oliver et al. v. Rumford Chem. Co., 109 U. S. 75, 3 Sup. Ct. 61, 27 L. Ed. 862; York Mfg. Co. v. Cassell; 201 U. S. 345, 26 Sup. Ct. 481, 50 L. Ed. 782; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; United Wireless Tele. Co. v. National Electric Signaling Co. (C .C. A.) 198 Fed. 385. In the latter case it is held that, where a defendant has infringed a patent and is subsequently adjudged a bankrupt, the court has power to enjoin the sale by the trustee in bankruptcy of the infringing apparatus. By analogy this principle applies to this case.

Next, it is contended by the defendant that the complainant violated its contract conferring upon the assignee exclusive right to sell the patented articles within a specified locality. It is argued that, if the defendant had remained the sole salesman, the selling price fixed by the maintenance contract would have been obtainable from intending buyers; but said contract does not, I think, bear out the claim of exclusive territorial agency and was terminable by the complainant. At any rate, it appears that only after the assignment by the Hill Piano Company, which has since been adjudicated bankrupt, did the complainant designate another selling agent. This, in my opinion, is insufficient to require a denial of the injunctive relief prayed for, and therefore the injunction may now issue.