## VOSE v. ROEBUCK WEATHER-STRIP & WIRE SCREEN CO.

### (District Court, E. D. New York. July 18, 1914.)

1. COURTS (§ 290*)—FEDERAL COURT—SUIT TO REFORM PATENT LICENSE CONTRACT—CITIZENSHIP OF PARTIES.

A federal court is without jurisdiction of a suit to reform a contract purporting to grant licenses under certain patents, with a right of purchase, on the ground that the person executing such contract on behalf of complainant was without authority, where the parties are citizens of the same state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 832; Dec. Dig. § 290.*]

2. PATENTS (§ 211*)—SUIT FOR INFRINGEMENT—ESTOPPEL.

A complainant *held* estopped to maintain a suit to recover royalties under patents in addition to those specified in a contract under which defendant was operating, or damages for infringement, on the ground that the contract was executed without authority, where it was shown that she had ratified the contract by collecting royalties and demanding accountings thereunder.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 304–311; Dec. Dig. § 211.*]

In Equity. Suit by Maria E. Vose against the Roebuck Weather-Strip & Wire Screen Company. On final hearing. Bill dismissed on the merits as to one branch of the case and without prejudice as to another for want of jurisdiction.

H. B. Philbrook, of New York City, for plaintiff.

Walter H. Dodd, of New York City, for defendant.

CHATFIELD, District Judge. The plaintiff in this action was the mother of one Clifton E. Vose, who patented a number of inventions with relation to metallic window casings and sash, and who, according to the testimony, disappeared suddenly on or about the 7th day of June, 1911. He had left his home in Brooklyn, where he lived with his mother and sisters, in the morning, to go to see A. M. Rapp, and then to Albany on business, and has not been seen since that time. His habits seem to have been more or less irregular; and some time previous to his death his mother, who, by herself or with the aid of his sisters, had advanced money to Vose, received an assignment (marked Exhibit 1 in this case) by which Vose transferred to his mother all his right, title, and interest in an application for letters patent then pending. This instrument was under date of April 18, 1903, and bears the signature of Clifton Vose. It is witnessed by his two sisters, and bears a statement in his mother's handwriting to the following effect:

"This paper claims patent No. 717,641, issued January 6, 1903, seven seventeen six forty-one, Maria E. Vose, mother of Clifton Vose, and owner of the above claims."

This instrument was received and recorded in the Patent Office on the 21st of March, 1913, in Liber E 92, page 89 of Transfers of Patents.

Patent No. 717,641 was issued upon the 6th of January, 1903, on an application filed December 6, 1901, and is one of the patents as to which infringement is claimed in this action.

Another paper, under date of March 2, 1904, purports to be an assignment of a patent for weather-strips, dated February 23, 1904, No. 752,729, and assigns the same to Maria E. Vose. This also is signed by Clifton Vose, witnessed by his two sisters, and bears the statement, "The patent here represented in this paper is owned and claimed by Maria E. Vose, mother of Clifton Vose." This statement is in Mrs. Vose's handwriting; and this paper was received and recorded on March 21, 1913, in Liber E 92, page 91 of Transfers of Patents. Patent No. 752,729, issued February 23, 1904, was on application filed February 11, 1903.

There is also involved in the suit a third patent, No. 814,893, of March 13, 1906, on an application filed August 7, 1903, as to which no assignment is presented, and as to which, upon the trial, no cause of action was sought to be based.

The testimony of both Mrs. Vose and her daughters is to the effect that Clifton E. Vose executed the assignment of April 18, 1903, for the purpose of transferring a patent which had been issued some three months previously, but as to which letters patent had not been received, although the paper purports to be an assignment of an application about to be made. It was claimed by the defendant on the trial that both the assignments refer to the same patent finally issued, viz., No. 752,729, for which the application had been made upon February 11, 1903, that is, prior to the date of the assignment of April 18. Subse-

quent to these assignments, Clifton E. Vose acted as agent for his mother, and also acted as owner of the patent rights which stood in his name, and made contracts with the Roebuck Weather-Strip & Wire Screen Company, which have been recognized and carried on by it, but which the plaintiff says have been nullified by failure to prosecute infringers, and have thus been treated as assignments rather than as licenses.

The present action is brought for an injunction against the infringement of these patents, and an accounting for royalty and patents, and for a reformation of the contract made between Vose and the Roebuck Company on February 11, 1911, with respect to the three patents above referred to. The purport of this contract was to license the defendant to use the three patents, upon payment of a royalty of $1 per thousand feet for all weather-strip manufactured under the contract, with an accounting at the end of every three months and a right to purchase at any time for the sum of $15,000.

The reformation of the contract desired was in effect to set aside or declare invalid the contract, in so far as it described patents Nos. 717,641 and 752,729, on the ground that they were not the property of Clifton E. Vose at that time, but had been previously assigned to his mother. Incompetency on the part of Vose is alleged; and the plaintiff further charges that the defendant had failed to prosecute for infringement persons who had used the said patents, although it had agreed by the contract to bring such actions. It is also alleged that the defendant has failed to account for and has failed to pay the royalties agreed upon.

[1] It appeared upon the trial that all of the parties to the action were residents of the same state, and that the United States had no jurisdiction to reform the contract. It was not an action "under the patent law," but was an action under state law with relation to a right in a patent. The bill must be dismissed, therefore, in so far as it seeks to reform the contract; and this carries with it the charge of the plaintiff that her son, as agent, or in so far as he represented her, had no title, was incompetent, and could not convey rights to the patents by assignment from himself as the patentee.

[2] The plaintiff urges that the so-called assignment was therefore no more than a license, that it was invalid in so far as it purports to be an assignment of the patent itself, and that the license rights could be conferred upon the defendant by an oral agreement. She thus seeks to escape the effects of section 4898, R. S. (U. S. Comp. St. 1901, p. 3387). She, therefore, contends that, even if the action to reform the contract cannot be heard, she could nevertheless act under the license conferred, and collect royalties without ratifying the contract and without estopping herself from showing a lack of authority in the person making the assignment, but who, in reality, was merely an agent of his mother, the plaintiff, in looking after the business with respect to her patents, and not in trying to assign or sell them. The defendant, on the other hand, presents testimony to show that Mrs. Vose collected certain sums as royalties, insisted upon accountings and made demands for payment upon the contract which had been entered into with her

son, and that she, therefore, has ratified and accepted it and thereby ratified the acts of her agent. It would seem, in so far as the right to use the patents under the contract or license, whichever it may be, was given by the plaintiff's son, who, admittedly, was allowed to act as agent, and in so far as she has attempted to collect royalties, she has ratified the contract at least to the extent that it does purport to constitute a license. The defendant, on the other hand, seems to have recognized the ownership of Mrs. Vose and waived any objection to the assignment. See Exhibit A.

Upon the testimony, it does not seem that Mrs. Vose has been necessarily estopped or put upon notice with respect to the portions of the so-called contract to which she objects, and as to which she has attempted to have the contract reformed. But even if the royalties were exceedingly small, or if the contract was to her disadvantage, yet when she assumed that her son, as agent, had made a contract licensing the defendant to use the patents, and when she collected and insisted upon the payment of royalties, without questioning the right of her son to make a license at those rates, she must be held estopped. The bill, in so far as it charges infringement of patent or failure to pay a reasonable or proper amount of royalty, must be dismissed upon this finding.

The defendant, therefore, may have a decree dismissing the bill in so far as it seeks payment of additional royalties or damages for infringement, upon the merits, and dismissing that portion of the bill to which the jurisdiction of the court was questioned, without prejudice to the bringing of any other action in another court with respect thereto.