STATE OF MAINE LUMBER CO. et al. v. KINGFIELD CO. et al.

(District Court, D. Connecticut. December 8, 1914.)

No. 1408.

1. COURTS (§ 312*)—UNITED STATES COURTS—JURISDICTION—DIVERSE CITIZENSHIP—ACTION BY ASSIGNEE.

Under Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. 1913, § 991), giving District Courts jurisdiction of suits between citizens of different states, but providing that no District Court shall have cognizance of any suit on any promissory note or other chose in action in favor of any assignee, unless such suit might have been prosecuted therein if no assignment had been made, where V. and B., citizens of Massachusetts, and R., a citizen of Connecticut, contracted to buy certain timber land from a Connecticut corporation, and assigned their contract to a Massachusetts corporation, a suit by the Massachusetts corporation against the Connecticut corporation, in which it was claimed that the Connecticut corporation deceived plaintiffs' assignors, could not be maintained in the United States District Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*]

2. COURTS (§ 308*)—UNITED STATES COURTS—DIVERSE CITIZENSHIP.

Where jurisdiction of a United States District Court is claimed solely on the ground of diverse citizenship, all parties on one side of the controversy must be citizens of different states from those on the other.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*]

3. EQUITY (§ 132*)—BILL—ALLEGATIONS AS TO PARTIES.

A bill setting forth that plaintiffs were acting in behalf of themselves and of such other creditors of and claimants against defendants, or any of them, as might desire relief similar to that prayed for therein, and might intervene and become parties, without setting forth the names, citizenship, and residence of such parties, violated equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv), providing that it shall be sufficient that a bill in equity shall contain the full name, when known, of each plaintiff and defendant, and the citizenship and residence of each party.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 312; Dec. Dig. § 132.*]

In Equity. Suit by the State of Maine Lumber Company and others against the Kingfield Company and others. On motion to dismiss. Bill dismissed without prejudice.

See, also, 214 Fed. 878.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arthur Perkins, of Hartford, Conn., and William G. McKechnie, of Springfield, Mass., for plaintiffs.

Francis H. Parker, Hugh M. Alcorn, and R. W. Thompson, all of Hartford, Conn., for defendants.

THOMAS, District Judge. The State of Maine Lumber Company, a Massachusetts corporation, located at Springfield, in that state, with Samuel D. Viets and Burdette M. Bancroft, both citizens of Springfield, have jointly brought their bill in equity against two Connecticut corporations, seven citizens of Connecticut, and one citizen of the state of Maine, prefacing their complaint proper as follows:

"Your orators, acting in behalf of themselves, and also in behalf of such other creditors of and claimants against the respondents, or any of them, as may desire relief similar to that prayed for herein by the complainants and may intervene herein and become parties thereto, complain and say."

The bill itself contains 34 paragraphs, setting out very particularly the claims of the plaintiffs, and indicating that in a certain transaction some of the defendants had deceived the plaintiffs and one De Forest E. Rogers, who was not named as a party to the suit.

It is not necessary, however, to go into the complaint at length. To properly discuss this motion it is sufficient to say: That it appears from the bill of complaint that on May 5, 1913, said Samuel D. Viets and Burdette M. Bancroft, both of them, then and now, are citizens of Springfield, Mass., and said De Forest E. Rogers then and now is a citizen of Middletown, Conn. That by a written proposal made to and accepted by the Maine Land & Lumber Company, a Connecticut corporation, and one of the defendants, said Viets, Bancroft, and Rogers jointly agreed to purchase of that corporation certain timber land located in the state of Maine, which was incumbered by a first mortgage of $40,000, and on which, before that date, a judgment of foreclosure had been granted in favor of the owner of the mortgage and against the said Maine Land & Lumber Company, the mortgagor and owner of the equity in the land. That these three men subsequently "offered to cause to be assigned and conveyed to the said State of Maine Lumber Company, the said timber land," and that "at a legal meeting of the directors of the said State of Maine Lumber Company" the directors thereof "agreed to accept said assignment and conveyance, so that said State of Maine Lumber Company acquired the right to purchase such timber land on certain terms and conditions set out in said assignment or conveyance" (but the terms and conditions set out in said assignment or conveyance were not set forth in the bill of complaint). That since the 5th day of May, 1913, and up to the time of bringing this suit, "said Viets, Bancroft, and Rogers, and the State of Maine Lumber Company, have been and are prepared, ready, and willing to carry out their part of said agreement" (referring to the agreement of purchase made jointly by said Viets, Bancroft, and Rogers), and make the payments required of them in said agreement, within a reasonable time after the Maine Land & Lumber Company should tender to them a deed of said property free from incumbrance, except a mortgage of $50,000.

The defendants have filed a motion to dismiss the suit on the ground of nonjoinder of parties, because the bill shows that Rogers was jointly interested with Viets and Bancroft in the agreement of May 5, 1913, for the purchase and sale of the timber land. Viets, Bancroft, and Rogers are named as the parties of the one part to said agreement, while the Maine Land & Lumber Company, one of the defendants, is named as the other party to said agreement. Defendants also moved to dismiss the complaint because Rogers still has a united interest with the other two in the subject-matter of this suit, and that therefore it was necessary and indispensable that Rogers be made a party plaintiff to this cause, and as he is now, and was at the time this suit was brought a citizen of Connecticut, the necessary diversity of citizenship required to give this court jurisdiction does not exist.

In addition to this reason for dismissal, the defendants, in their motion, have set up other claims which need not be noticed here, as the motion to dismiss must be granted for nonjoinder of parties.

In case the plaintiffs bring a suit in the state court, based upon a bill of complaint like that set out in this action, the defendants may then raise, by demurrer or otherwise, the other questions which they have herein presented in their motion to dismiss, at which time such questions may be heard and determined.

[1] By section 24 of the Judicial Code of the United States, in force January 1, 1912 (Act March 3, 1911, 36 Stat. 1091), it is provided that the District Courts shall have original jurisdiction—

"of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and * * * is between citizens of different states, or is between citizens of a state and foreign states, citizens, or subjects. No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

It will therefore be seen that Rogers, being a citizen of Connecticut, could not have maintained his suit here against either of the defendant corporations, or the other seven defendants who are citizens of this state, as the court would have no jurisdiction to hear and determine the controversy, so that even were he, as plaintiffs claim, only a nominal party in the matter here, as the assignor of his interest in the agreement of May 5, 1913, and the State of Maine Lumber Company, his assignee, the real party in interest, this court would still be without jurisdiction. It is well settled that, in a suit brought to a federal court by an assignee, he must show that it could have been prosecuted in the federal court by his assignor, and unless he is able to do so the suit must be dismissed. Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. 288, 37 L. Ed. 118.

[2] Where, as in this case, the jurisdiction is claimed solely on the ground that the matter in controversy is between citizens of different states, all parties on the one side of the controversy must be of different states from those on the other. The Sewing Machine Co., 18 Wall.

553, 21 L. Ed. 914; American Bible Society v. Price, 110 U. S. 61, 3 Sup. Ct. 440, 28 L. Ed. 70; Ayres v. Wiswall, 112 U. S. 187, 193, 5 Sup. Ct. 90, 28 L. Ed. 693.

It was held in Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435 and in Bissell v. Horton, 3 Day (Conn.) 281, Fed. Cas. No. 1,448, that, if there be several plaintiffs and defendants, each plaintiff must be capable of suing each defendant in the federal courts. See, also, Vose v. Roebuck Weather-Strip & Wire Screen Co. (D.C.) 216 Fed. 523.

[3] Rule 25 of "Rules of Practice for the Courts of Equity of the United States" (198 Fed. xxv, 115 C. C. A. xxv), promulgated by the Supreme Court on November 4, 1912, provides in brief that:

"Hereafter it shall be sufficient that a bill in equity shall contain, in addition to the usual caption, * * * the full name, when known, of each plaintiff and defendant, and the citizenship and residence of each party. If any party be under a disability, that fact shall be stated. * * *"

It will be recalled that the plaintiffs set forth that they are acting, not only in behalf of themselves, but also "in behalf of such other creditors of and claimants against the defendants, or any of them, as may desire relief similar to that prayed for herein and may intervene and become parties thereto." Without more information, without setting forth the names, citizenship, and residences of such parties, the bill has been made to offend against this rule, and for this reason might well be dismissed by the court on its own motion. Florida Central & Peninsular R. R. Co. v. Bell, 176 U. S. 321, at page 325, 20 Sup. St. 399, 44 L. Ed. 486.

These defendants, therefore, may have a decree dismissing the bill on the ground that this court has no jurisdiction of the suit, without prejudice to the bringing of any other action in another court with respect to the controversy herein.