## DOAN et al. v. CONSOLIDATED-PROGRESSIVE OIL CORPORATION.

(District Court, D. Delaware. December 28, 1920.)

No. 404.

Courts ⊚⊐308—In stockholders' suit, only those joining are "parties," within equity rule, and as affecting federal jurisdiction.

In a suit by stockholders against the corporation, on their own behalf and on behalf of other stockholders who may join, only such stockholders as join are "parties," within the meaning of equity rule 25 (198 Fed. xxv; 115 C. C. A. xxv), and the jurisdiction of a federal court is dependent wholly on the citizenship of the persons so suing, and not on the citizenship of other stockholders.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party.]

In Equity. Suit by William C. Doan and others against the Consolidated-Progressive Oil Corporation. On motion to dismiss bill. Motion denied.

H. D. Montgomery, of Pittsburgh, Pa., and S. D. Townsend, Jr., and James I. Boyce, both of Wilmington, Del., for complainants.

David J. Reinhardt, of Wilmington, Del., for defendant.

MORRIS, District Judge. The complainants, Doan, a citizen and resident of Ohio, and Englert, Dapper, and Koch, citizens and residents of Pennsylvania, stockholders of Consolidated-Progressive Oil Corporation, a Delaware corporation, filed their bill against that corporation "in their own behalf and in behalf of any and all other stockholders of said corporation who may wish to join or intervene therein and become parties thereto." The bill does not contain the names, citizenship, and residence of the "other stockholders" in whose behalf, also, the suit was instituted. For this omission the defendant, relying upon equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv) and the cases of State of Maine Lumber Co. v. Kingfield Co. (D. C.) 218 Fed. 902, and Whitaker v. Whitaker Iron Co. (D. C.) 238 Fed. 980, moves to dismiss the bill.

Are the stockholders in whose behalf the bill was filed, but who did not join in exhibiting the bill, *parties,* within the contemplation of equity rule 25; that being the eventual question raised by the motion. That rule deals only with the name, citizenship, and residence of those persons who are parties. It prescribes what shall be a sufficient description of the parties, but it does not specify who the parties to a cause are, or may be. The latter question is dealt with by rules 37 to 45, inclusive (198 Fed. xxviii, 115 C. C. A. xxviii). This suit seems to be in accord with equity rule 38, which, under the circumstances in it mentioned, authorizes one or more persons to sue for the whole. Foster's Fed. Prac. (6th Ed.) vol. 1, p. 703. Saving certain well-recognized exceptions in which one person may sue in the name of another, persons may not be joined as plaintiffs, but by their own act or with their knowledge and consent. Daniell's Ch. Pl. & Pr. (6th Am. Ed.) p. 190, note. It does not appear that the unnamed stockholders participated in, or had any knowledge of, the institution of this suit. It is a general rule in equity that "all persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs"; but it is likewise true that only those who actually complain and join in exhibiting the bill are plaintiffs. Story's Eq. Pl. § 26. In class suits, in which one or more persons sue for all persons similarly situated, the members of the class in whose behalf a bill is filed, but who do not join in the complaint and in exhibiting the bill, are not parties plaintiff. Story's Eq. Pl. 125a.

Such is also the inevitable inference resulting from the decision and the language thereof in Stewart v. Dunham, 115 U. S. 61, 64, 5 Sup. Ct. 1163, 29 L. Ed. 329. Moreover, the Supreme Court there made it clear that, where persons sue in a representative capacity in a federal court, the jurisdiction of the court is dependent wholly upon the citizenship of the persons so suing, and not at all upon the citizenship of the other members of the class in whose behalf the suit is brought. When this case is read in connection with Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693, and New Jersey Central Railroad Co. v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949, which hold that all *parties* on one side of the controversy must be citizens of different states from those on the other, it becomes manifest that the members of a class in whose behalf a bill is filed, but who do not join in the complaint and in exhibiting the bill, are not considered by the Supreme

Court as parties to a suit. The facts in the cases of State of Maine Lumber Co. v. Kingfield Co. and Whitaker v. Whitaker Iron Co., supra, relied upon by the defendant, are not identical with the facts in the case at bar, and it may be that the difference in facts distinguishes those cases from the decisions of the Supreme Court above referred to. However that may be, the above-mentioned cases decided by the Supreme Court determine, in my opinion, the decision in this case, and make it necessary to deny the motion to dismiss.

An order in accordance with this opinion may be submitted.