## REALTY HOLDING CO. v. DONALDSON.

(District Court, E. D. Michigan, S. D.    December 12, 1923.)

### No. 598.

1. **Courts ⬤⟞280—Jurisdiction of federal court must appear from record, and may be questioned at any time.**

    The jurisdiction of a federal court over a cause pending therein must affirmatively appear from the pleadings or record, and its want of jurisdiction may be brought to the attention of the court at any stage of the proceeding.

2. **Courts ⬤⟞312(1)—Jurisdiction of federal court; suit by assignee for specific performance of lease is one to recover on "chose in action."**

    A suit by an assignee for specific performance of a lease of real estate is one to recover on a "chose in action," within the meaning of Judicial Code, § 24 (1), being Comp. St. § 991 (1), and a federal court is without jurisdiction, unless the suit might have been maintained in that court, if no assignment had been made.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chose in Action.]

In Equity. Suit by the Realty Holding Company against Lavina B. Donaldson. On motion to dismiss bill. Granted.

John R. Rood, of Detroit, Mich., for plaintiff.
Miller, Canfield, Paddock & Stone, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This case is before the court on a motion by defendant to dismiss the bill of complaint for reasons which include asserted absence of jurisdiction in this court. The only ground of jurisdiction invoked by plaintiff is that based on alleged diversity of citizenship.

The bill avers that plaintiff is a Deleware corporation and that defendant is a resident of Detroit, Mich., within this district. Plaintiff seeks in its bill to enforce specific performance of a 33-year lease of certain premises located in said city of Detroit, which lease is alleged in the bill to have been granted by defendant to the Clifford Land Company, a Michigan corporation, and to have been thereafter assigned by the lessee named to the plaintiff. The suit is not claimed by plaintiff to be, and clearly is not, a proceeding in rem, but is a suit to recover rights and to obtain relief in personam against the defendant. A copy of said lease is attached to the bill and by reference made a part thereof, and various violations of such lease are alleged, and complained of as the substantial basis for the relief sought. The main object of the suit is the enforcement of the terms and provisions of this lease.

After filing an answer on the merits and a counterclaim (designated therein as a "cross-bill," in apparent disregard of the language of equity rule 30), asking that plaintiff be enjoined from interference with the claimed right of defendant to terminate said lease, defendant filed the motion to dismiss already referred to.

[1] Plaintiff has filed a motion to strike from the files the motion to dismiss the bill, urging that defendant is not now in position to object for the first time to the jurisdiction of the court. This contention is plainly without merit. It is elementary law that the jurisdiction of a federal court over a cause pending therein must affirmatively appear from the pleadings or record in such cause, and that the absence of a showing of such jurisdiction, not only may be brought to the attention of the court at any stage of the proceedings, but will be noticed, with resultant dismissal of the suit, by the court on its own motion, even against the protests of the parties. Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. Ed. 690; Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160; Chicago, Burlington & Quincy Railway Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521; Utah-Nevada Co. v. DeLamar, 133 Fed. 113, 66 C. C. A. 179 (C. C. A. 9). Indeed, section 37 of the Judicial Code (Comp. St. § 1019) expressly provides that:

"If in any suit commenced in a District Court, * * * it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought, * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, * * * the said District Court shall proceed no further therein, but shall dismiss the suit."

[2] The first subdivision of section 24 of the Judicial Code (Comp. St. § 991[1]) provides, among other things, as follows:

"No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

The lease involved herein is such a chose in action. Bradley v. Hunt, 8 Wall. 393, 19 L. Ed. 467; Republic Mining Co. v. Jones (C. C.) 37 Fed. 721, 2 L. R. A. 746; Brooks v. Laurent, 98 Fed. 647, 39 C. C. A. 201 (C. C. A. 5). A suit to enforce specific performance of a contract (even if such contract relate to real estate) is a suit to recover upon a chose in action within the meaning of the statute just quoted. Corbin v. Black Hawk County, 105 U. S. 659, 26 L. Ed. 1136; Shoecraft v. Bloxham, 124 U. S. 730, 8 Sup. Ct. 686, 31 L. Ed. 574; Plant Investment Co. v. Jacksonville, Tampa & Key West Railway Co., 152 U. S. 71, 14 Sup. Ct. 483, 38 L. Ed. 358; State of Maine Lumber Co. v. Kingfield Co. (D. C.) 218 Fed. 902. The fact that the main object of the present suit is the specific performance of the lease in question indicates the character of such suit as one to recover upon a chose in action, and therefore within the provisions of said statute. Kolze v. Hoadley, 200 U. S. 76, 26 Sup. Ct. 220, 50 L. Ed. 377. As, therefore, it appears that the assignor of said chose in action and the defendant are citizens of the same state, it is plain that this suit could not have been prosecuted in this court if the assignment mentioned had not been made. It follows that the motion to dismiss the bill must be granted.

It should perhaps be remarked that, while the bill does not specifically allege that defendant is a citizen of Michigan, yet no objection on that ground has been raised by defendant, and it is apparently undisputed and conceded that the defendant is a citizen of that state, and the matter has been disposed of on such assumption. This assumption, of course, does not prejudice plaintiff, as otherwise its bill should be dismissed for lack of allegation of any diversity of citizenship between the parties.