## EGAN v. STITT et al. (No. 8616.)

Court of Civil Appeals of Texas. Fort Worth. May 28, 1927.

1. Courts �kö 489(3)—Federal court has exclusive jurisdiction of suit to enjoin defendants' claim to plaintiff's patent and interference with plaintiff in asserting rights thereunder (Judicial Code, § 256, subd. 5 [U. S. Comp. St. § 1233, subd. 5]).

Federal courts have exclusive jurisdiction of suit to restrain defendants from asserting claim to plaintiff's patent, from constructing any machine described in patent, and from interfering with plaintiff in such construction, or in ownership of letters patent and rights protected thereunder, in view of Judicial Code, § 256, subd. 5 (U. S. Comp. St. § 1233).

2. Courts �kö 489(3)—State court has jurisdiction of suit in which plaintiff seeks protection of right secured by contract concerning patent.

Where main issue in suit revolves around question of contract or alleged contract between parties concerning patent, state court has jurisdiction; question being whether plaintiff seeks protection of right secured by patent or of one secured by contract.

3. Courts �kö 489(3)—Federal courts have exclusive jurisdiction of suit raising question of patent infringement (Judicial Code, § 256, subd. 5 [U. S. Comp. St. § 1233]).

Suit which raises question of infringement of patent gives federal court exclusive jurisdiction, under Judicial Code, § 256, subd. 5 (U. S. Comp. St. § 1233), even though contract is involved.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by M. M. Egan against J. R. Stitt and others. From an order of dismissal, plaintiff appeals. Affirmed.

Bryan, Stone & Wade, of Fort Worth, for appellant.

Capps, Cantey, Hanger & Short and J. W. Stitt, all of Fort Worth, for appellees.

BUCK, J. M. M. Egan filed suit in the district court of Tarrant county on June 16, 1915, complaining of J. R. Stitt, F. W. Payne, and M. Harris, who were alleged to compose the firm of the Fort Worth Grain & Elevator Company. Plaintiff alleged that he was the owner of a certain patent issued by the United States Patent Office to him on May 5, 1915, said patent covering an invention on a food mixer, which was devised for the purpose of mixing stock feed in large quantities, of different kinds, and being devised for the purpose of saving much time, labor, and expense in mixing such foods; that plaintiff, since the issuance of said patent, had never transferred or assigned any right, title, or interest in and to said patent to any other person or persons, nor had he transferred any such interest in the proposed patent prior to the issuance of said letters patent to him by the United States Patent Office, but that said letters patent at all times and was at the time of the filing of the suit owned solely by him.

He further alleged:

That defendant Stitt, for the use and benefit of the Fort Worth Grain & Elevator Company and for the purpose of defrauding plaintiff out of said patent and the revenues to be derived therefrom, did unlawfully and wrongfully sign the plaintiff's name to an alleged assignment or transfer, dated October 22, 1913, in words and figures as follows:

"Fort Worth, Texas, 10/22/13.

"It is hereby agreed between M. M. Egan, F. W. Payne, and J. R. Stitt that, the applica-

⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion for securing a patent on our mixed feed plant having been made in the name of M. M. Egan, the Fort Worth Grain & Elevator is to bear the expense of same. The patent, if secured, is to be the property of said Fort Worth Grain & Elevator Company during the term of the lease which they hold on their building and as long thereafter as the present firm continues in business, and all revenues derived from said patent shall become a part of the capital of the Fort Worth Grain & Elevator Company and be shared equally by the stockholders of said firm.

"[Signed]     J. R. Stitt.
              "M. M. Egan.
              "F. W. Payne.
"Witnesses:   D. A. Cowan.
              "S. D. Mathew."

That plaintiff's name was signed to said transfer without his knowledge or consent, and that the defendants, in order to further cloud the title of plaintiff to said patent and for the purpose of injuring him, caused said alleged transfer or assignment to be filed in the United States Patent Office at Washington, D. C., on May 22, 1914, and to be recorded there.

Plaintiff further alleged that, under the very terms of said transfer or assignment, if the same had been genuine, which he expressly denied, if the defendants ever had any title or interest in said patent or the revenues thereunder, such rights, by the terms of said alleged transfer, ceased when the lease of defendant expired on the building in which they were doing business, on October 27, 1914; that the Fort Worth Grain & Elevator Company, consisting of J. R. Stitt, F. W. Payne, and M. M. Egan, dissolved the partnership theretofore existing prior to the expiration of said lease, to wit, on June 16, 1914.

He further alleged that the defendants at various times notified and warned his prospective customers that they were the owners of the patent, or had an interest therein; that they wrote to H. B. Dorsey and the Merchants' & Farmers' State Bank of Weatherford, Tex., who had employed the plaintiff to construct the mixer according to the specifications contained in the patent, and that by reason of said action of defendants plaintiff lost a net profit or royalty of $1,000 to be paid him when the job was completed, or, in the alternative, a loss of one-half of the net profits of the plant, which plaintiff alleged was of the reasonable market value of $1,000.

He further alleged that he secured a contract to construct a mixing machine under said patent in the city of Dallas, or at least there were negotiations in progress that would have resulted in such contract, and that the defendants wrote E. B. Daggett and others of those negotiations with plaintiff, and stated to them that the patent belonged to defendants, and advised said parties that the defendants would use all legal means to protect their rights under said patent; that by reason thereof the Dallas parties refused to consider plaintiff's proposition for a purchase of an interest in said plant when completed.

He prayed for a temporary writ of injunction, enjoining and restraining the defendants from claiming and asserting that said letters patent was the property of said defendants, or of any of them, from interfering with the ownership of said letters patent and the rights protected thereunder, from writing letters to, or otherwise communicating with, the customers of plaintiff or proposed customers of plaintiff, who might be contracting with or proposing to contract with plaintiff for the erection and purchase of a food mixer or an interest therein as protected by said patent; that the defendants and each of them be enjoined and restrained from further interfering with the rights of plaintiff as protected to him by said letters patent, by constructing and erecting for themselves, jointly and severally, or erecting and constructing for other persons, firms, or corporations, food mixers as protected to plaintiff under his said letters patent. He prayed that upon a final hearing the temporary injunction sought be made perpetual in every respect and for other and further relief, general and special, in law and in equity, to which he might be entitled.

Defendants filed a motion to dismiss the cause of action made in plaintiff's original petition, and in his subsequent pleadings, on the ground that the cause of action therein stated, if any, was cognizable only by the courts of the United States, and not by the state courts.

The court entered an order dismissing said cause on the ground that plaintiff's pleadings presented a cause arising under the patent right laws of the United States, of which exclusive jurisdiction is vested in the courts of the United States. From this order of dismissal, the plaintiff has appealed.

[1] The United States statute on jurisdiction of federal courts reads:

"The jurisdiction vested in the courts of the United States in cases and proceedings hereinafter mentioned shall be exclusive of the courts of the several states: * * * Fifth. Of all cases arising under the patent right, and copyright laws of the United States. * * *" United States Compiled Statutes, § 1233, subd. 5; Judicial Code, § 256, subd. 5; Acts of Congress March 3, 1911, c. 231; 36 Stat. 1160.

Appellant urges that the state courts have exclusive jurisdiction over any controversy between the parties hereto growing out of any contract or alleged contract between them, or concerning the title to any property or property right, and the fact that such contract or title happens to relate to letters patent issued by the United States government is wholly immaterial. If the matter in controversy relates to an infringement of the exclusive rights granted by the United States

government to the owner of a patent, then such controversy is one "arising under the patent right laws of the United States," and the federal courts have exclusive jurisdiction. He urges that, if the main issue raised by plaintiff's pleadings concerns a contract relating to, or the title to, a patent, then the state court has jurisdiction, though the determination of the issue may incidentally involve the interpretation of the patent, or some similar question which, if the main' issue, would give the federal courts exclusive jurisdiction. On the other hand, if such main issue relates to an infringement and to various forms of relief to which a plaintiff is entitled by reason thereof, then it is a federal court case, although the determination of the issue of infringement or no infringement may incidentally involve the interpretation of a contract. He cites the case of Flint v. Hutchinson Smoke-Burner Co. (C. C.) 38 F. 546, where plaintiff owned a patent, and defendant owned a patent. Plaintiff averred that defendant knowingly, willfully, and maliciously sent out a notice that plaintiff's device was an infringement upon defendant's patent, and, unless restrained, defendant would send out other notices, all with intent to injure plaintiff's business, and plaintiff prayed for an injunction to restrain such publications as libels. The federal court held that it had no jurisdiction, and would have none even if upon the trial it became necessary, incidentally, to determine whether or not plaintiff's device was an infringement. Kurtz v. Straus (C. C. A.) 106 F. 414, wherein, in an opinion by Mr. Justice Gray, the court said:

"The complainants state in their bill that they had invented a new and useful invention and improvement in automatic brakes and safety fenders for application to trolley cars, and that letters patent of the United States were thereupon duly issued to them, granting the exclusive right to make, use, and vend the said invention throughout the United States, etc. The material allegations of the bill relate to an oral agreement entered into between the parties, in accordance with which the respondents, in consideration of a one-half interest in the net profits of the business, were to pay the charges upon one automatic brake and safety fender already constructed, and also the money required to repair it; also to furnish all moneys required for its trial, and to advertise the same, and, if the trial were a success, then to furnish sufficient money to start the business of manufacturing and vending said invention, and to manufacture 50 such brakes and safety fenders under the said patent of complainants, and to secure trial of the same in different states, and on different trolley lines. It is further alleged that after this oral agreement respondents brought to complainants a paper purporting to be a memorandum of this verbal agreement, and that the same was executed by complainants with the understanding that it embodied only what had been agreed to, and gave to the respondents only a half interest in the net profits of the business, for the consideration already mentioned. It is then alleged that the respondents entirely failed to carry out the said verbal contract, and subsequently produced to the complainants' attorney a paper purporting to be a copy of an assignment by the complainants of one undivided half interest in said letters patent. * * * This paper the complainants aver is a fraudulent paper, but that, nevertheless, the defendants caused it to be recorded in the Patent Office of the United States at Washington. The prayers of the bill are for a decree for specific performance of the said oral contract, and also for a decree that said assignment be delivered up to the said complainants for cancellation. To these prayers is added one that the defendants, and all persons claiming under them, or either of them, may be enjoined specially, and upon final hearing perpetually, from making any use of the alleged deed of assignment, or claiming any title to or interest in said letters patent, and from in any way vending or interfering with the complainants' absolute ownership of said letters patent. This prayer for injunction, however, is incidental to the main relief, and supplements the same. No infringement of the rights secured by letters patent to the complainant is alleged, and no injunction against apprehended infringement is asked for. No right or title under the patent laws is set up as a ground of recovery against the respondents."

The court held that the trial court was correct in holding that it had no jurisdiction. Plaintiff also cites Standard Sewing Machine Co. v. Leslie (C. C. A.) 118 F. 557; Victor Talking Machine Co. v. The Fair (C. C. A.) 123 F. 424. In the last-cited case the court said:

"If the plaintiff is seeking a judgment for debt or damages, or a decree for cancellation or specific performance, on account of the defendant's breach of his covenants, the cause of action arises out of the contract; and, though the determination of the issue of breach or no breach may involve the interpretation of the patent and of the prior art, the insistence of the defendant that his device, according to the true construction of the patent and of the prior art, is not within the patent right granted him in the contract, cannot change the nature of the action. Standard Sewing Machine Co. v. Leslie, 118 F. 557, 55 C. C. A. 323. On the other hand, if the plaintiff is seeking a judgment for damages, or a decree for an injunction and an accounting, on account of the defendant's unauthorized use of the patent right in making or using or selling the device without license, the cause of action arises out of the patent laws; and, though the determination of the issue of infringement or no infringement may involve the interpretation of the contract, the insistence of the defendant that his act was within his rights under the contract, if properly construed, cannot change the nature of the action."

[2, 3] Appellant argues, and we think his argument is sound, that, if the main issue in the suit revolves around the question of a contract or an alleged contract between the parties concerning the patent, then the state

court has jurisdiction. On the other hand, if the main issue raised by the pleadings of plaintiff is a charge that defendant is, by the unauthorized use or selling of a similar device without a license from plaintiff as the owner of the patent, thereby infringing upon the monopoly rights of the plaintiff under his patent, then the United States courts have exclusive jurisdiction.

But we think that the appellant misconstrues the purport of his action as stated in his pleadings. He was seeking an injunction to restrain the defendants from asserting any claim to his patent, and from constructing any mixers of the kind described in his patent, and from interfering with him in the construction of such mixers, and from interfering with him in the ownership of said letters patent and rights protected thereunder, etc. He prayed for damages in the sum of $2,000. We think that this cause of action is one predicated primarily on the rights claimed to be vested in the plaintiff under the letters patent, and the remedy sought by injunction is but incidental to the ends sought and effectual in protecting him in the claim under the patent. It is stated in Foster on Federal Practice, vol. 1, p. 140, § 173E, that a state court has not jurisdiction over a cause where the plaintiff alleges that defendant had threatened persons intending to buy plaintiff's patent, and had stated that defendants would sue them for infringement, and where plaintiff sues for damages for such threats and injunction restraining the defendant from using such threats. In Moyes v. Stirling Co. (C. C.) 71 F. 433, plaintiff sued in a state court alleging that defendant had notified plaintiff's prospective customers that plaintiff's patent and boiler was an infringement of defendant's patent, and threatened such prospective customers with suit. Plaintiff alleged that defendant's statements were false and asked for damages and an injunction against future threats. The cause was transferred to the federal court. A motion to remand was overruled on the ground that the federal court had exclusive jurisdiction. A suit which raises the question of infringement gives federal courts exclusive jurisdiction, even though a contract is involved. American Graphophone Co. v. Pickard (D. C.) 201 F. 546. On the other hand, a suit on a contract for the enforcement of some rights under it, gives the state court jurisdiction, even though it may involve a patent. Vose v. Roebuck Screen Co. (D. C.) 216 F. 523.

The question of whether the jurisdiction is in the federal or state court depends on whether the plaintiff seeks protection of rights secured to him by a patent or rights secured to him by contract. The plaintiff in this case denied that any contract had been made between him and the defendants; and, secondly, claimed that such contract, even if made, had expired by reason of certain stated circumstances.

In Healey v. Sea Gull Specialty Co., 237 U. S. 479, 35 S. Ct. 658, 59 L. Ed. 1056, the complainant alleged that defendant was infringing his patent, and would continue to so infringe unless restrained. He then anticipates defendant's pleas of license, and pleads that license had been granted to defendant, but had been forfeited. The United States Supreme Court held that the federal court had exclusive jurisdiction, and held that the question of jurisdiction depends on the case plaintiff makes out and the relief he demands, and cannot be defeated by plaintiff's replication to defendant's answer, nor by any anticipated defenses in the charging part of the bill; and it does not matter whether the validity of the patent is admitted or denied.

In Geneva Furniture Co. v. Karpen & Bros., 238 U. S. 254, 35 S. Ct. 788, 59 L. Ed. 1295, the plaintiff alleged that defendant was contributing to infringement of his patent by wrongfully inducing plaintiff's licensees to use the patent in a manner not authorized, and in inducing these licensees to violate the terms of their license. The Supreme Court held that the federal court had exclusive jurisdiction of the offense of contributing to the unauthorized use of the patent, but not of the alleged violation of contract. The Supreme Court says that plaintiff charges defendant with an invasion of plaintiff's exclusive rights under the patent laws, and asks for injunction and damages, which gives the federal court jurisdiction of that issue, but that the other counts rest only on a breach of contractual obligations, and do not arise under the patent laws.

In Excelsior Wooden Pipe Line Co. v. Pacific Bridge Co., 185 U. S. 282, 22 S. Ct. 681, 46 L. Ed. 910, a licensee used the patent and set up title to the license and alleged his rights in the patent as being trespassed upon by the patentee. The Supreme Court held that this was not a suit on a contract, but one arising under the patent laws giving federal courts exclusive jurisdiction.

We are of the opinion that the trial court did not err in holding that the main cause of action asserted by plaintiff was one arising under the patent laws, and that the state court did not have jurisdiction.

Judgment is affirmed.